NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| SUN CHEMICAL CORPORATION, | : | |
| | : | Hon. Stanley R. Chesler |
| Plaintiff, | : | Civ. A. No. 05-2565 (SRC) |
| | : | |
| v. | : | |
| | : | **OPINION** |
| MARKEM CORPORATION, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**CHESLER**, District Judge

This matter comes before the Court by the motion of Defendant, Markem Corporation ("Markem"), to transfer this action to the United States District Court for the District of New Hampshire (docket item # 7). The Plaintiff, Sun Chemical Corporation ("Sun Chemical"), separately moves for leave to file a sur-reply in opposition to transfer (docket item # 26). The Court will consider the sur-reply, as it does not change the decision as to transfer of venue. For the reasons discussed below, the Court will **GRANT** Defendant's motion to transfer the action to the District of New Hampshire.

**I. BACKGROUND**

Sun Chemical produces and sells inks and pigments. (Compl. 2.) It is incorporated in Delaware and has its principal place of business in Parsippany, New Jersey. (Id.) Markem also develops and sells a variety of ink related products. (Def. Br.

1

2). Sun Chemical is the owner[1] of U.S. Patent No. 6,585,492 B1 ("the 492 patent") entitled "Radiation-Curable Ink-Jet Ink Vehicle." (Compl. Ex. A.) Sun Chemical claims that Markem has infringed its 492 patent by creation and use of Markem's 4600 Series Ultra Violated Curable Fluid Ink. (Compl. 3.)

The facts giving rise to this suit began in August 2004 when Markem accused Sun of infringing on its U.S. Patent Nos. 5,938,826 and 6,093,239. During the course of investigating Markem's claim of infringement, Sun discovered that Markem's 4600 Series Ultra Violet Curable Fluid Ink allegedly infringes Sun's 492 patent. (Pl. Br. 2-3.) Sun Chemical brought this action against Markem on May 13, 2005 alleging that Markem is infringing upon one of its patents.[2]

## II. DISCUSSION

Markem argues that transfer of this action is appropriate because: (1) this action could have been brought in the District of New Hampshire initially; (2) the relevant activities, witnesses, and documents are in New Hampshire; and (3) the action has no meaningful connection to New Jersey. (Def. Br. 2, 7, 10.) Sun Chemical argues that: (1) its choice of forum should be given deference; and (2) the balance of private and public interest factors do not favor transfer. (Pl. Br. 5, 4-11.)

---

[1] The 492 patent was issued to Coates Brothers PLC of the United Kingdom. Several years ago Sun Chemical acquired the Coates Group of companies and is currently the exclusive licensee of the 492 patent. (Compl. ¶ 9); (Def. Br. 3).

[2] Sum Chemical also brought a declaratory judgment action against Markem on May 13, 2005. Sum Chemical v. Markem Corp., No. 05-2564 (MLC). That action is currently pending in this district before Judge Cooper. It should also be noted that Markem brought an action for patent infringement against Sun Chemical in the District of New Hampshire, after Sun Chemical brought an action in this Court. (Def. Reply 12.)

**A.  Transfer Standard**

Section 1404 provides "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404.  An action might have been brought in another district if (1) venue is proper in the transferee district, and (2) the transferee district can exercise jurisdiction over all the parties.  Shutte v. Armco Steel Corp., 431 F.2d 22, 24 (3d Cir. 1970).

In a civil action based on federal question jurisdiction, venue can be laid in a judicial district: (1) in which the defendants reside, if all defendants reside in the same state; (2) where a substantial part of the events or omissions giving rise to the claim occurred; or (3) where any defendant may be found if there is no district in which the action otherwise might be brought.  28 U.S.C. § 1391(b).  A corporation is considered to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.  28 U.S.C. § 1391(c).

In a patent infringement action, proper venue is further defined in Section 1400(b) which provides in relevant part, "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.  28 U.S.C. § 1400(b).

The moving party bears the burden of demonstrating that the alternative forum is more appropriate than the present one.  Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995).  Courts balance various private and public interests when deciding

whether to transfer pursuant to Section 1404.  Jumara, 55 F.3d at 879.  The private interests may include plaintiff's choice of forum, the ease of access to sources of proof, availability of compulsory process over unwilling witnesses, the cost of attendance of willing witnesses, the possibility of a jury view of the premises, the location of books and records to the extent they may be unavailable in one forum, and whether the claim arose elsewhere.  See Gulf Oil v. Gilbert, 330 U.S. 501, 508 (1946); Jumara, 55 F.3d at 879.  The public interests may include enforceability of the judgment, practical considerations that could make the trial easy, expeditious or inexpensive, relative administrative difficulty in the two fora resulting from court congestion, local interest in deciding local controversies at home, public policies of the fora, and familiarity of the trial judge with the applicable state law.  Jumara, 55 F.3d at 879-80.

**B.  Transfer as Applied to this Case**

Transfer of this action to the District of New Hampshire is appropriate.  This action "might have been brought" in New Hampshire because the District of New Hampshire is a proper venue, and it can exercise jurisdiction over Markem.  Markem is a resident of, and conducts business in, New Hampshire.  (Def. Br. 7-8.)  It is the state of Markem's incorporation and principal place of business.  (Id.)

Private and public interest factors also favor transfer.  Sun Chemical's choice of forum is entitled to less deference because a substantial part of the events and operative facts in this action did not occur in New Jersey.  See LG Elecs. v. First Int'l Computer, Inc., 138 F. Supp. 2d 574, 590 (D.N.J. 2001) ("when the central facts of the lawsuit occur outside the forum state, a plaintiff's choice of forum is entitled to less deference.").

This action involves a complaint brought by Sun Chemical against Markem for wrongful infringement of one of Sun's patents. (Pl. Br. 2.) It argues that all the marketing and business decisions relating to its product are made in New Jersey, and that Markem acknowledged the New Jersey connection to this case by corresponding with Sun Chemical officials in New Jersey. (Pl. Sur-Reply 3.) The source of the cause of action in this case, however, is not Sun Chemical's product. In a patent infringement case, such as here, the "district court ought to be as close as possible to the area of the infringing device and the hub of activity centered around its production." LG Electronics, Inc. v. First Int'l Computer, Inc., 138 F. Supp. 2d 574, 590 (D.N.J. 2001). Here, therefore, Markem's allegedly infringing use is the source of the cause of action, and the central facts related to it must be considered for purposes of transfer.

The operating acts leading to Sun's allegation of infringement – the design, development, manufacture, and sale of Markem's accused 4600 series ink – took, and continue to take, place in New Hampshire. (Def. Br. 8.) Similarly, Markem's marketing and sales decisions are also made at their headquarters in New Hampshire. (Def. Br. 8.)

Markem also has identified at least eight potential witnesses who live and work in New Hampshire. (Def. Br. 11-12.) Sun Chemical, in its opposition, does not specifically identify the names and locations of potential witnesses, but acknowledges that (1) some corporate representatives from New Jersey "will be involved in this litigation if not called as witnesses," and (2) some employees may have to travel internationally, namely from the United Kingdom. (Pl. Br. 7.) It goes to some length to distinguish Newark Liberty Airport as more convenient to international travelers than the airports servicing New

Hampshire. (Pl. Br. 7-8.) This distinction, however, does not weigh heavily in the convenience analysis. Regardless of whether the action proceeds in New Jersey or New Hampshire, any witnesses from the United Kingdom will be no more inconvenienced. See Ricoh Co. v. Honeywell Inc., 817 F. Supp. 473, 484 (D.N.J. 1993) (noting that if witnesses are already inconvenienced by having to travel thousands of miles internationally, Minnesota is no more inconvenient than New Jersey). On those facts, the location of the witnesses weighs in favor of transfer.

Sun Chemical, however, it its sur-reply, specifically names six individual witnesses from New Jersey. (Pl. Sur-Reply 4.) Sun Chemical's sur-reply makes it unclear – and thus raises a self-contradictory argument – as to whether witnesses from the United Kingdom will also be called. Even assuming no one from the United Kingdom will be called as a witness, and considering the additional information on potential New Jersey witnesses, the location of witnesses neither weighs in favor of, nor against transfer because regardless of where the action is heard, one party's witnesses will have to travel.

The location of documentary evidence weighs in favor of transfer. Markem indicates that the documents relating to the development and production of its patents and resulting products are in New Hampshire. (Def. Br. 13.) In its opposition, Sun Chemical neither directly pinpoints the location of the documents and equipment related to its product that are relevant to the present action, nor does it directly deny that relevant documents and equipment may be in the United Kingdom, as alleged by Markem. (Pl. Br. 14.) It only asserts that its research and development center is in Carlstad, New Jersey. (Id.) In its sur-reply, however, it indicates that the documents and materials

6

related to its product are neither in the United Kingdom, nor in New Jersey, but rather in Houston, Texas at the offices of counsel. (Pl. Sur-Reply 3.) Given that Markem's documents are in New Hampshire, and that there is no assertion that Sun Chemical's documents are in New Jersey, this factor weighs in favor of transfer.

Sun Chemical argues that Markem has agreed to be sued in New Jersey because it has a registered agent for service of process in New Jersey and conducts business in New Jersey[3]. (Pl. Br. 2.) If Markem were arguing that the District of New Jersey lacked personal jurisdiction over it, the existence of these factors would be considered. However, for the purposes of a transfer, the registered agent and *de minimis* business sales carry no weight.

The local interest in deciding this action in New Jersey is minimal. Apart from the fortuitous fact that Plaintiff, a company with its principal place of business in New Jersey, acquired the company that held these patents, there is virtuously no connection to New Jersey. The invention that lead to Sun's patent was apparently made in the United Kingdom where the SunJet/Coates facilities are located and where both of the listed inventors of the patent reside. (Compl. Ex. A). In short, New Jersey has not been the location of any meaningful activity relevant to this lawsuit. While Sun Chemical is a New Jersey plaintiff, without further connection to the present forum, the balance of factors weigh in favor of transfer to New Hampshire.

---

[3]Markem sold approximately $1,000.00 of the accused ink in New Jersey. This equates to less than 1% of Markem's total sales of that product for the past year. (Def. Br. 8.)

7

## III.  Conclusion

For the foregoing reasons, the Court will grant Defendant Markem's motion to transfer venue.  The separate motion for leave to file a sur-reply in opposition to Markem's motion to transfer venue is moot, as the Court has considered the sur-reply. An appropriate form of order will be filed herewith.

  s/ Stanley R. Chesler  
Stanley R. Chesler, U.S.D.J.